UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | 2:25-cv-01274-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff Eddie Jones is a state prisoner proceeding without counsel and seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend.

**I.    In Forma Pauperis**

    Plaintiff requests to proceed in forma pauperis. Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

1

1    be forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2    plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3    **II.    Screening Requirement**

4        The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9    **III.    Allegations in the Complaint**

10       The named defendants are California Department of Corrections ("CDCR") and
11   California Health Care Facility. Plaintiff's first claim for relief asserts a violation of his Eighth
12   Amendment right to be free from unsafe conditions. (ECF No. 1 at 3.) He alleges the entity
13   defendants failed to train staff to take reasonable steps to abate a dangerous and unsafe condition
14   which caused plaintiff to fall and sustain injury on the morning of Octboer 18, 2024. (Id.)
15   Plaintiff's second claim for relief asserts the Office of Appeals did not meet its time frame to
16   respond to plaintiff's grievance in violation of his Fourteenth Amendment right to due process
17   because the grievance submitted on 12/11/24 was said to be addressed on 2/16/25; however,
18   plaintiff did not receive the response until 4/14/25. (Id. at 4.)

19   **IV.    Discussion**

20       The complaint fails to state a claim because plaintiff does not allege a violation of his
21   federal constitutional or statutory rights or name a defendant who can be sued under the civil
22   rights statute pursuant to which he filed this suit. To state a claim for a violation of federal
23   constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right
24   secured by the Constitution or laws of the United States was violated, and (2) the alleged
25   violation was committed by a person acting under color of state law. See West v. Atkins, 487
26   U.S. 42, 48 (1988).

27       In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and
28   repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh

Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). Thus, the only two defendants named in this case are immune from suit.

In addition, it is clear under the facts alleged that plaintiff was not deprived of any right secured by the Constitution or laws of the United States. Thus, even if plaintiff amended the complaint to name defendants who can be sued under 42 U.S.C. § 1983, the allegations would still fail to state a claim.

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976). Prison officials can be liable for a prisoner's injury only if they were deliberately indifferent to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference requires "a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835-36 & n. 4 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Here, plaintiff alleges defendants failed to train staff to take steps to prevent plaintiff's fall on Octboer 18, 2024. Plaintiff thus asserts an ordinary lack of due care which did not constitute deliberate indifference to his safety.

In addition, the existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff cannot show a protected interest is at stake as he has no constitutional entitlement to a specific prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals in the absence of entitlement to a specific grievance procedure). Accordingly, the complaint fails to state a claim and must be dismissed.

### V. Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). In this instance, further amendment would be futile. Plaintiff cannot state a civil rights claim based on allegations of lack of due care for his safety in the form of failure to train staff to prevent plaintiff's fall or on allegations that he did not receive a timely response to his grievance. Plaintiff's complaint should be dismissed without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

There is no claim under the civil rights statute for your allegations that defendants failed to train staff to prevent your fall and untimeliness of the grievance procedure. Thus, it is being recommended that your case be dismissed without leave to amend. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and state the additional specific facts you could allege to state a claim.

### VII. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. The Clerk of the Court is directed to assign a district judge to this case. In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

4

being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, jone1274.scrn.fr

5